UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sean Francis Schaffner, | ) | Crim. No.: 4:10-cr-00370-RBH-1 |
| | ) | Civ. No.: 4:16-cv-02508-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Sean Francis Schaffner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 82. The Government has filed a motion for summary judgment. *See* ECF No. 88. The Court denies Petitioner's § 2255 motion and grants the Government's motion for summary judgment for the reasons herein.[1]

**Background**

In 2010, Petitioner was indicted in this District and in the Southern District of Indiana for four armed bank robberies, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing firearms during crimes of violence—the bank robberies—in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* ECF No. 16 (charging Petitioner with three counts of armed bank robbery and three counts of brandishing firearms during crimes of violence); *United States v. Schaffner*, No. 4:10-cr-00007-SEB-MGN, at ECF No. 1 (S.D. Ind.) (charging Petitioner with one count of armed bank robbery and one count of brandishing a firearm during a crime of violence). The Indiana case was subsequently transferred to this District

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

pursuant to Fed. R. Crim. P. 20. *See United States v. Schaffner*, No. 4:10-cr-00963-RBH (D.S.C.). In September 2010, Petitioner pled guilty pursuant to a written plea agreement to two counts of brandishing firearms during crimes of violence—one count from the indictment in this District and one count from the indictment in Indiana. *See* ECF Nos. 48, 51, & 52. The Court sentenced Petitioner to thirty-two years' imprisonment. *See* ECF No. 63. Judgment was entered on January 26, 2011, *see id.*, and Petitioner did not file a direct appeal.

On July 7, 2016,[2] Petitioner filed the instant § 2255 motion and a supporting memorandum.[3] *See* ECF No. 82. On August 1, 2016, the Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 87 & 88. Petitioner filed several responses in opposition to the Government's motion for summary judgment. *See* ECF Nos. 91, 93, 95, & 107.

### Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[3] Petitioner did not file a prior § 2255 motion.

determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## **Discussion**

Petitioner asserts he is entitled to be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing *Johnson* implicitly invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B) and therefore armed bank robbery is no longer a crime of violence for purposes of § 924(c). *See* ECF No. 82 at pp. 4–8. The Government contends, *inter alia*, that *Johnson* is inapplicable because armed bank robbery satisfies the force clause of § 924(c)(3)(A). *See* ECF No. 87 at pp. 3, 11–12.

3

"Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence or a drug trafficking crime." *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir. 2016) (emphasis removed).

> As defined in § 924(c)(3), the phrase "crime of violence" means a felony offense that either: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." We have referred to subparagraph (A) of § 924(c)(3) as the "force clause" and to subparagraph (B) as the "residual clause."

*United States v. McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016). In *McNeal*, the Fourth Circuit held "bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)." *Id.* at 153; *see id.* at 157 ("Because bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence under the force clause."). The Fourth Circuit noted that "[b]ecause § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague." *Id.* at 152 n.8.

Based on *McNeal*, Petitioner's § 924(c) convictions are valid because they are predicated on § 2113(d) armed bank robberies, which are crimes of violence under the force clause of § 924(c)(3). *See id.* at 157; *see, e.g.*, *United States v. Stroman*, No. 3:02-cr-00086-CMC, 2016 WL 5661682 (D.S.C. Sept. 30, 2016) (applying *McNeal* and denying a § 2255 motion for similar reasons), *appeal dismissed*, 673 F. App'x 351 (4th Cir. 2017); *United States v. Rice*, No. 3:02-cr-00161-CMC, 2016 WL 4613382 (D.S.C. Sept. 6, 2016) (same).

Moreover, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter*

*alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* is inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not file a direct appeal, so his judgment of conviction became final on February 9, 2011, which was fourteen days after judgment was entered. Petitioner filed his instant § 2255 motion over five years later in July 2016, and therefore it is untimely.[4]

For the above reasons, the Court will deny Petitioner's § 2255 motion and grant the Government's motion for summary judgment.[5]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a

---

[4] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

[5] In March 2018 (nearly two years after he filed his § 2255 motion), Petitioner filed an "Addendum to Current 28 U.S.C. § 2255" alleging a "mis-calculation of the sentencing guidelines" based on an Indiana burglary charge and "ask[ing] that this issue be added as Ground 5 in his current § 2255 Motion." *See* ECF No. 107. The Court notes amendment would be futile because (1) Petitioner's § 2255 motion is untimely, (2) a petitioner generally may not use 28 U.S.C. § 2255 to challenge the calculation of his advisory guideline range, *see United States v. Foote*, 784 F.3d 931, 935–36 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999), and (3) Petitioner's burglary charge was not the predicate crime of violence for his § 924(c) convictions—the armed bank robberies were.

5

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 88] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 82]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court **GRANTS** Petitioner's motion to proceed in forma pauperis [ECF No. 83].

**IT IS SO ORDERED.**

Florence, South Carolina  
July 13, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge